# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § vs. § § § COREY MONTEZ ALLEN, aka § "Nanny" § § | CASE NO. 6:08CR44-1 |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Corey Montez Allen's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegations 4, 5 and 6. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 7 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offenses of Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base and Use and Carrying a Firearm in Relation to a Drug Trafficking Crime, Defendant was sentenced on December 11, 2008, by the Honorable Michael H. Schneider, United States District Judge, to 27 months of imprisonment on Count 1 and 60 months of imprisonment on Count 2 to run consecutively, followed by a 3 year and 5 year term of supervised release, respectively, to run concurrently. On April 13, 2012, Defendant's term of imprisonment on Count 1 was reduced to 15 months. Defendant completed his term of imprisonment and began serving his term of supervised release on December 6, 2013.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on June 14, 2016, United States Probation Officer Ben Sanders alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not illegally possess a controlled substance; (3) the defendant shall not leave the judicial district without permission of the Court or probation officer; (4) the defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (5) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (6) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (7) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (8) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

More specifically, it is alleged that Defendant reportedly committed the offense of Possession of Marijuana, a Class B Misdemeanor, in Tarrant County, Texas on November 19, 2015 and that he possessed marijuana on that date. He allegedly did not have permission to be in Tarrant County, Texas on that date and did not notify the probation office of his arrest. At the time of his arrest, Defendant was allegedly associating with two individuals who were engaged in criminal activity.

Next, it is alleged that Defendant failed to submit a written monthly report for the months of November 2015, December 2015, January 2016, February 2016, March 2016 and April 2016. Defendant also allegedly failed to report on March 4, 2016 to the probation office as instructed. On January 15, 2016, Defendant allegedly submitted a urine specimen that tested positive for marijuana and verbally admitted to using marijuana.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992). In the present case, Defendant's original offense of conviction for Count 1 was a Class C felony and his original offense of conviction for Count 2 was a Class A felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment and 5 years of imprisonment, respectively. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the

alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment. U.S.S.G. § 7B1.4(a).

*Hearing*

On September 8, 2016, Defendant appeared for a final revocation hearing. Defendant's counsel, Ryan Hill, announced that Defendant and Assistant United States Attorney Allen Hurst reached an agreement for Defendant to enter a plea of true to Allegations 4, 5 and 6 and to jointly request a sentence of 7 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegations 4, 5 and 6. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Beaumont.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegations 4, 5 and 6 are true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 7 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

---

Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 7 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 7 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 9th day of September, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE